IN THE DISTRICT COURT OF THE UNITED STATES
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CIVIL ACTION NO.: 2:04-23289-18 |
| | ) | CRIMINAL NO.: 2:99-664 |
| vs. | ) | |
| | ) | |
| GARLAND CALHOUN | ) | **OPINION AND ORDER** |
| | ) | |
| Defendant. | ) | |

On December 16, 2004 Petitioner (Calhoun) filed a Motion to Vacate his sentence pursuant to 28 U.S.C. § 2255. On February 17, 2005 the Government responded to Calhoun's motion and asked that his motion be dismissed. A Roseboro order was filed on February 28, 2005. Calhoun filed his response to the Government's Motion to Dismiss on March 25, 2005 and it appears that all motions are ripe for decision.

## BACKGROUND

On July 15, 1999, a federal grand jury sitting in Charleston, South Carolina, indicted Petitioner and three co-defendants. Petitioner was only named in Count 1, which charged him with violating Title 21, United States Code, Section 846 [Conspiracy to Possess with Intent to Distribute a Quantity of Heroin]. Following Petitioner's arrest, Lawrence Duffy, Esquire, was appointed to represent Petitioner. On July 30, 1999, Petitioner's case was assigned to the Honorable Patrick Michael Duffy. However, because Calhoun's lawyer is Judge Duffy's brother, Petitioner's case was reassigned to the undersigned on August 10, 1999.

Thereafter, on September 29, 1999, the Government filed an Information pursuant to Title 21, United States Code, Section 851, informing Calhoun that he was subject to increased penalties based on a prior drug conviction for heroin distribution in the District of South Carolina in 1991. Later that same day, Calhoun appeared before the undersigned and pled guilty to Count One of the Indictment.

On December 2, 1999, Petitioner filed a motion to substitute counsel, and on December 15, 1999, Magistrate Judge Robert S. Carr appointed Eduardo Curry, Esquire, to represent Petitioner. Following the preparation of the presentence report, Mr. Curry filed a letter with the court on February 14, 2000, outlining several objections to it. On February 16, 2000, this court sentenced Calhoun to a term of 300 months of incarceration. Because Calhoun testified at the trial of a co-conspirator, the Government filed a motion pursuant to Rule 35 on his behalf on January 26, 2001. Following a Rule 35 hearing held on February 13, 2001, Petitioner's sentence was reduced to 144 months of incarceration.

Over two years later, Calhoun filed a Notice of Appeal on February 23, 2003, and filed an Informal Brief with the Fourth Circuit Court of Appeals on April 16, 2003. On June 4, 2003, the Fourth Circuit issued it's Judgment, affirming the Petitioner's conviction and sentence. And on July 31, 2003, the Fourth Circuit issued an order denying Petitioner's request for rehearing and rehearing *en banc*. Seventeen months later, on December 16, 2004, Petitioner filed the instant motion to reduce sentence pursuant to Title 28, United States Code, Section 2255.

## ANALYSIS

Petitioner raises a plethora of claims in support of his motion. First, Petitioner asserts that the Supreme Court's recent decision in *Blakely v. Washington*, --- U.S. ----, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), renders his sentence imposed unconstitutional. Petitioner appears to claim that his sentence was improperly enhanced after the government filed an Information pursuant to Title 21, United States Code, Section 851. Calhoun also seems to argue that his attorneys were ineffective for the following reasons: (1) by failing to require that the government include the "amount of drugs" in the plea agreement; (2) by failing to object to the amount of drugs alleged in the indictment pursuant to *Blakely*; and (3) by failing to move to dismiss the indictment for failure to allege the essential elements of the crime charged. Petitioner also claims that this court improperly calculated his United States Sentencing Guidelines range of sentence by incorrectly calculating his criminal history points. Finally, Petitioner requests an evidentiary hearing.

The Government's primary position is that Calhoun's § 2255 motion is time-barred. Prior to 1996, no time limitation existed as to a federal prisoner's ability to collaterally attack his conviction in a § 2255 motion. *See United States v. Torres*, 211 F.3d 836, 838 (4th Cir. 2000). This changed in 1996 with Congress' enactment of the Antiterrorism and Effective Death Penalty Act, Pub.L. No. 104-132, 110 Stat. 1214 ("AEDPA"). AEDPA amended 28 U.S.C. § 2255 to provide a one-year limitations period for the filing of § 2255 motions. Section 2255 provides that the period of limitation will begin to run upon, inter

3

alia, "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255[1]. Moreover, pursuant to *Clay v. United States*, 537 U.S. 522, 123 S.Ct. 1072, 155 L.Ed.2d 88 (2003), it is now clear that Petitioner's conviction was not final until the ninety-day period for filing a petition for a writ of certiorari had expired. *See Clay*, 123 S.Ct. at 1079; and *United States v. Quick*, 71 Fed.Appx. 975, 2003 WL 21958419, *1(4th Cir. 2003)(unpublished).

Thus, in calculating the date upon which Petitioner's conviction became final (and giving Petitioner every benefit of the doubt), it is clear that his conviction became final on October 31, 2003, which is ninety days from the date of the Fourth Circuit's July 31, 2003, final Judgment denying Petitioner's request for rehearing and rehearing *en banc*. As noted above Calhoun did not file this § 2255 motion until December 16, 2004, which is clearly more than one year from the date upon which his conviction became final. Accordingly, Petitioner's motion is procedurally time-barred.

THEREFORE, the Government's Motion to Dismiss is **GRANTED**.

**AND IT IS SO ORDERED.**

s/David C. Norton
DAVID C. NORTON
United States District Judge

May 3, 2005
Charleston, SC

---

[1] The remaining three parts of § 2255's statute of limitations are not relevant to this appeal.

4